IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNY ALAMO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| MEMO CORPORATION | § | |
| and OMEGA PUMPS MFG., INC. | § | |
| and/or THE ENTITY THAT | § | |
| EMPLOYED PLAINTIFF AS OF | § | |
| FEBRUARY 1, 2019, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, the Plaintiff, Kenny Alamo, and files his Original Complaint complaining of Defendants, Memo Corporation and Omega Pumps MFG, Inc. and/or the entity that employed Plaintiff as of February 1, 2019, and for cause of action would respectfully show the Court as follows:

I.

JURISDICTION

1.    Because Plaintiff's claims present a federal question, there is federal court jurisdiction pursuant to 28 U.S.C. § 1331.

## II.

## VENUE

2. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Texas because all or a substantial portion of the acts or omission giving rise to Plaintiff's claims occurred in Tarrant County, Texas.

## III.

## PARTIES

3. Plaintiff Kenny Alamo is an individual who is a citizen of the State of Texas.

4. Defendant Memo Corporation is a Texas Company who may be served at 722 S. Kimball Ave., Southlake, Texas 76092.

5. Defendant Omega Pumps Mfg., Inc. is a Texas Company who may be served 722 S. Kimball Ave., Southlake, Texas 76092.

## IV.

## FACTS

6. Plaintiff Alamo was a loyal and competent employee with Defendants for over two years.

7. Plaintiff entered into an employment at-will contract with Defendant Omega Pumps MFG, Inc. in 2016.

8. At some point, Defendant Omega Pumps MFG, Inc. was acquired in some form by Defendant Memo Corporation.

9. At that point, Plaintiff entered into an at-will employment contract with Defendant Memo Corporation and Defendant Omega Pumps MFG, Inc. and such at-will employment contracts continued until both Defendants terminated his employment on February 1, 2019.

10. Plaintiff Alamo is Hispanic.

11. As part of his job duties sometimes Plaintiff would communicate in Spanish with other co-workers whose primary language was Spanish. Such communication better insured completing the tasks at work for the benefit of Defendants.

12. In late January/early February 2017, employees of Defendants made derogatory comments about Hispanic employees including "President Trump was going to send all Mexican Americans back to Mexico" and otherwise expressing hostility to Hispanic employees. Such racial hostility interfered with Plaintiff's performance of his work for Defendants as well as the terms and conditions of his employment.

13. On February 2, 2017, Plaintiff complained to Defendants about such racially discriminatory comments and hostility to Hispanic employees.

14. Defendants took no action with regard to Plaintiff's complaint.

15. On February 26, 2017, Defendants issued an unwarranted write up to Plaintiff for actions that were routinely not the subject of write ups for other employees.

16. In Spring of 2018, co-worker David Deblois told Plaintiff he was not allowed to speak Spanish because "this is America." White employees engaged in hostile behavior towards Hispanic employees. Such racial hostility interfered with Plaintiff's performance of his work for Defendants as well as the terms and conditions of his employment.

17. In Spring 2018, Plaintiff complained to Defendants that he was experiencing illegal discrimination on the job from co-workers because he was Hispanic.

18. Defendants took no action with regard to Plaintiff's complaints.

19. In the Spring of 2018, Defendant issued an unwarranted write up to Plaintiff for actions that were routinely not the subject of write ups for other employees.

20. In August 2018, Plaintiff again complained about hostile treatment by white co-workers.

21. Defendants took no action with regard to Plaintiff's complaint.

22. In the last quarter of 2018, Brian Sherridon, shared with Plaintiff a screen shot of a text exchange between Brian Sherridon and David Deblois. Plaintiff shared these screen shots with another co-worker.

23. Defendants terminated Plaintiff Alamo on February 1, 2019.

24. Defendants' stated reason for terminating Plaintiff was that he shared screen shots of the text exchange between two white employees with another co-worker.

25. Brian Sherridon was not terminated despite sharing screen shots of the exchange.

26. Defendants' purported reason for termination is pretextual and unworthy of credence.

27. There was a significant delay between when the screen shots were texted and when Plaintiff was terminated by Defendants.

28. David Deblois (white) and Brian Sherridon (white) participated in a similar violation when they originated these text messages, however Plaintiff Alamo was the only person whom Defendants discharged.

29. Defendants' treatment of Plaintiff Alamo is inconsistent with the treatment of white co-workers and retaliatory for Plaintiff Alamo's reporting their discriminatory comments about Hispanics.

30. The employees of Defendants who made the decision to terminate Plaintiff were not Hispanic.

31. Plaintiff Alamo was treated less fairly than similarly situated non-Hispanic employees.

## V.

## CAUSES OF ACTION

32. Defendants terminated, and otherwise discriminated against Plaintiff Alamo by interfering with his job performance and the terms and conditions of his employment because of his race, Hispanic, in violation of in violation of 42 U.S.C. § 1981.

33. Defendants terminated Plaintiff for complaining about and opposing illegal discrimination in violation of 42 U.S.C. § 1981.

34. Alternatively, Plaintiff Alamo seeks declaratory relief because race and national origin was a motivating factor and thus, race and national origin was at least a mixed motive in the termination. Plaintiff Alamo seeks declaratory relief and attorney fees pursuant to 42 U.S.C. § 2000e-2(m).

35. Defendants at all relevant times acted through their agents and employees.

## VI.

## DAMAGES

36. As a result of Defendants' actions, Plaintiff has suffered in the past, and in all reasonable likelihood, will suffer in the future, damages including, lost wages, lost earning capacity, mental anguish, emotional pain and suffering, lost employment benefits, inconvenience, loss of enjoyment of life, damage to professional reputation, and other damages.

37. Moreover, Defendants engaged its actions with malice, therefore, Plaintiff is entitled to punitive damages.

38. Plaintiff also seeks reinstatement to a comparable position if feasible.

39. Plaintiff seeks attorney fees pursuant to 42 U.S.C. § 1988(b).

## VII.

## PRAYER

40. WHEREFORE, Plaintiff prays that the Defendants be duly cited to appear and answer herein, that upon a final trial of this cause, Plaintiff recover:

1. Judgment against Defendants, for Plaintiff's damages as set forth above;

2. Reinstatement to a comparable position;

3. Interest on said judgment at the legal rate from date of judgment;

4. Prejudgment interest as allowed by law;

5. Costs of Court; and

6. Such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ JASON C.N. SMITH
JASON C.N. SMITH
State Bar No.   00784999

LAW OFFICES OF JASON SMITH
612 Eighth Avenue
Fort Worth, Texas 76104
Telecopier: (817) 334-0880
Telephone: (817) 334-0898
E-mail: jasons@letsgotocourt.com
ATTORNEYS FOR PLAINTIFF